IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| J. PAUL MCHENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00287 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| ADVENT HEALTH PARTNERS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### **ORDER**

Pending before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 31, "Motion"). The Court appreciates the parties' efforts at resolving this matter, and it intends to resolve the matter promptly. However, the Court seeks the parties' clarification or correction regarding the following two statements set forth in the memorandum in support of the Motion (Doc. No. 31-1, "Memorandum"):[1]

1. "Notice is to be substantially completed within forty-five (45) days after entry of the Preliminary Approval Order and to be substantially completed no later than sixty (60) days after entry of the Preliminary Approval Order. See S.A. ¶ 3.2(d); Lietz Decl., ¶ 39." (Doc. No. 31-1 at 16).[2]

---

[1] The Court certainly can speculate as to feasible resolutions of the issues raised, and the Court suspects that it may know what the parties intended. But rather than seeking to resolve these issues on its own, it prefers to ask the parties for an express clarification or correction.

[2] The Court notes that a term is clearly omitted from the last full sentence on this page. The Court believes that the missing term is something like "a submitted Claim Form," but if that belief is unwarranted, the parties shall so advise the Court. When citing herein to the Memorandum, the Court cites to the page number ("Page ___ of ___") added by the Clerk's Office as part of the pagination process associated with Electronic Case Filing, and not the page number originally indicated on the memorandum as filed by Plaintiff.

Here, the Memorandum provides two different deadlines for precisely the same event, *i.e.,* "substantial[ ] complet[ion]" of notice. Moreover, the two cited documents fail to explain or clarify this inconsistency.

> 2. "Any Class Member who wishes to opt-out of the Settlement must send an individually signed and timely submitted written notice of exclusion postmarked no later than sixty (60) days after the Notice Commencement Date to the designated P.O. box established by the Claims Administrator. *See* S.A. ¶¶ 3.2(d), 4.1; Lietz Decl., ¶ 46." (Doc. No. 31-1 at 17).

Here, the Memorandum (and the cited portion of the Lietz declaration) accurately characterizes the Settlement Agreement ("S.A.") with respect to the deadline for providing (written) notice of opting out. The problem, however, is that such deadline is on the latter of the two dates currently specified (based on the first statement quoted above) for substantial completion of the provision of notice. This raises the possibility that the deadline for the opt-out date would arrive for some Settlement Class Members contemporaneously with their receiving notice (if they receive notice just before the deadline for substantial completion of notice) or even afterwards (if they receive notice after the deadline for "substantial completion," a notion that inherently contemplates the possibility of notice being provided to some settlement class members after expiration of such deadline as "substantial completion" goes to completion). Thus, it appears that the deadline for opting-opt appears too early in light of what currently appears perhaps to be the deadline for substantial completion.

By November 29, 2022, the parties shall file a notice serving to address these two issues, including by clarifying or correcting one or both of the two above-quoted statements as appropriate.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE