UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| J. Paul McHenry, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Advent Health Partners, Inc.,<br><br>    Defendant. | Case No. 3:22-cv-00287<br><br>District Judge Eli Richardson<br>Magistrate Judge Alistair E. Newbern<br><br>JURY DEMAND |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. 31)** (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of its Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> 61,072 persons whose PII was potentially compromised as a result of the Cyber-Attack that Advent Health Partners discovered in September 2021 and who were sent written notice of the Data Breach.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Specifically excluded from the Settlement Class are:

> (i) Advent Health, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any members of the judiciary who are or have presided over the instant Action and members of their families and staffs; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach or who pleads *nolo contendere* to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representative seeks similar relief as the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Action on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

2. **<u>Settlement Class Representatives and Settlement Class Counsel</u>**. The Court finds that Plaintiff J. Paul McHenry will likely satisfy the requirements of Rule 23(e)(2)(A) and

should be appointed as the Class Representative. Additionally, the Court finds that David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Nicholas A. Migliaccio of Migliaccio & Rathod, LLP will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on **April 14, 2023 at 1:00 p.m.**, at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Courtroom 5C, Nashville, Tennessee 37203 [or via telephone or videoconference], where the Court will determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this

Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representative for a Service Award should be approved.

6. **Claims Administrator**. The Court appoints The Angeion Group as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed Notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable

requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Tennessee Constitutions. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class shall individually sign and timely submit written notice of such intent to the Claims Administrator in the manner provided in the Notice. Such opt-out requests must be postmarked by the Opt-Out Date established by this Order and stated in the Notice.

For a request for exclusion to be properly completed and executed, subject to approval by the Court, it must be written, individually signed, and contain the individual's name, address, and telephone number. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class.

Within ten (10) days after the Opt-Out Date, the Claims Administrator shall provide the Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class, and, upon request, copies of all completed requests to be excluded from the Settlement Class.

If a Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request to be excluded from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the release set forth in the Final Order and Judgment. Settlement Class Members who submit valid and timely requests to be excluded from the Settlement Class shall not be entitled to receive any benefits from the Settlement.

11. **<u>Objections and Appearances</u>**. A Settlement Class Member who does not file a valid and timely request to be excluded from the Settlement may file with the Court an objection to the Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court, and to mail copies to Class Counsel and Advent Health's counsel. The Notice shall make clear that the Court can only approve or deny the Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (*e.g.,* copy of notice, copy of original notice of the Data Breach); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Approval Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth

such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. To be timely, written notice of an objection in the appropriate form must contain the case name and docket number, *McHenry v. Advent Health Partners, Inc.*, Case No. 3:22-cv-00287 (M.D. Tenn. 2022), and be filed with the Clerk or Court by the Objection Date, and mailed to Settlement Class Counsel and Defendant's Counsel, postmarked by no later than the Objection Date, established by this Order and stated in the Notice.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object to the Settlement, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Action, including, but not limited to, the release set forth in the Final Order and Judgment if entered.

12. **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures

specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (c) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on

the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

17. **Stay of Litigation.** All proceedings in the Action other than those related to approval of the Settlement Agreement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the

specified actions/further proceedings:

| Event | Deadline |
|---|---|
| Defendant Will Serve Or Cause To Be Served CAFA Notice, Per 28 U.S.C. § 1715(b) | No Later Than 10 Days After Settlement Agreement Is Filed With Court |
| Defendant Provides Class List To Class Member Information to Claims Administrator | Within 14 Days Of Entry Of Preliminary Approval Order |
| Deadline For Claims Administrator To Begin Sending Short Form Notice (Either By Postcard Or Email, If Available) | Within Forty-Five (45) Days Of Entry Of Preliminary Approval Order (the "Notice Commencement Date") |
| Motion for Attorneys' Fees, Costs, Expenses, and Service Award to Be Filed by Settlement Class Counsel | At Least 14 Days Prior to Opt-Out/ Objection Date Deadlines |
| Opt-Out/Objection Date Deadlines | 60 Days After Notice Commencement Date |
| Claims Administrator Provides Parties With List Of Timely, Valid Opt-Outs | 10 Days After Opt-Out Date Deadline |
| Claims Deadline | 90 Days After Notice Commencement Date |
| Motion For Final Approval To Be Filed By Class Counsel | At Least 14 Days Before Final Approval Hearing |
| Final Approval Hearing | April 14, 2023 at 1:00 p.m. No Earlier Than 120 Days After Entry Of Preliminary Approval Order |

**DONE AND ORDERED** in Nashville, Tennessee on this 6th day of December, 2022.

*Eli Richardson*
HONORABLE ELI RICHARDSON
UNITED STATES DISTRICT COURT JUDGE